UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY L. GRUBB, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-58 |
| ) | (Phillips/Shirley) |
| GRAINGER COUNTY, TENNESSEE, et al., ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 seeking declaratory relief and monetary damages arising from his incarceration in the Grainger County Jail. Plaintiff alleges that he was illegally incarcerated and that his conditions of confinement were unconstitutional. This matter is before the court on various motions filed by the parties.

**I**

Plaintiff has moved to amend his complaint in this matter. No opposition has been received to the motion. As leave to amend pleadings "shall be freely given when justice so requires," F..R.C.P. 15, plaintiff's motion to amend [Doc. 13] is hereby **GRANTED.** Plaintiff is **DIRECTED** to file his amended complaint with the clerk.

1

## II

Plaintiff has moved to withdraw his emergency motion for writ of habeas corpus [Doc. 3]. Plaintiff's motion is **GRANTED.**

Plaintiff has also moved to withdraw his request for class certification in this case. This motion is also **GRANTED.**

## III

Defendants have moved to dismiss this action on the basis that the complaint fails to state a claim upon which relief can be granted because plaintiff was legally incarcerated pursuant to a Writ of Mittimus [Doc. 9]. Plaintiff opposes the motion stating that a plain reading of Tennessee Code Annotated § 56-5-403 fails to grant the power to a child support referee to enter an order to incarcerate someone for a determinant period. Plaintiff contends that Sheriff Williams violated his constitutional guarantees by relying on a Writ of Mittimus signed by a party known to the sheriff and deputies, not to be a judge.

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a

2

disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

Plaintiff claims that he should not have been incarcerated based upon a Mittimus which was signed by the child support referee but not signed by a judge or chancellor. Defendants respond that Tennessee Code Annotated § 56-5-403 provides:

> The referee shall have the same authority and power as a circuit court judge to issue any and all process and in conducting hearings and other proceedings in accordance with this part; provided, that all final orders of the referee must be reviewed by a judge as provided in § 36-5-405.

It is clear that the referee specifically has the power to issue a Writ of Mittimus for incarceration. Further, the Office of the Attorney General for the State of Tennessee has issued an opinion confirming that a child support referee has this power and can incarcerate an individual for failure to pay child support prior to confirmation of the referee's order by the trial judge. Tenn.Op.Atty.Gen. No. 04-043, 2004 WL 789810. As stated in the Attorney General's opinion, Tennessee Code Annotated §§ 36-5-405 (c) and (d) have been amended to include the language "If the petition is for contempt, either the referee or the

judge may issue an attachment for the arrest of the respondent with a bond." Thus, I find that plaintiff has failed to state a claim against the defendants based upon his incarceration pursuant to a Writ of Mittimus and his claim will be dismissed.

Having found that plaintiff's incarceration pursuant to a Writ of Mittimus was legal under Tennessee law, plaintiff's claims of negligence and false imprisonment, which are based on the manner of his incarceration, will also be dismissed.

**IV**

Plaintiff also alleges in his complaint that he suffered unconstitutional conditions of confinement in the Grainger County Jail. Because it appears that plaintiff's § 1983 claim involves common questions of law and fact with *Nicholas C. Neverez v. Jarius Williams, et al.,* Civil Case No. 3:02-cv-635, it is **ORDERED** that this case be consolidated with Case No. 3:02-cv-635. **Civil Case No. 3:02-cv-635 will be the lead case and pending final resolution of these consolidated cases, all filings shall be made in Case No. 3:02-cv-635.**

**Conclusion**

For the reasons stated above, plaintiff's motion to mend his complaint [Doc. 13] is **GRANTED**; plaintiff's motion to withdraw his motion for writ of habeas corpus is

4

**GRANTED**; and plaintiff's motion to withdraw his request for class certification is **GRANTED**.

Defendants' motion to dismiss [Doc. 9] is **GRANTED IN PART AND DENIED IN PART:** plaintiff's claims for illegal incarceration pursuant to a Writ of Mittimus and related claims for negligence and false imprisonment are hereby **DISMISSED.** Defendants' motion as to plaintiff's § 1983 claim for unconstitutional conditions of confinement in the Grainger County Jail is **DENIED.** This action shall be **CONSOLIDATED** with **Civil Case No. 3:02-cv-635** for all future proceedings.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge